UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY S. PETTIGREW

     Plaintiff,
v.

RATCHFORD LAW GROUP, P.C.

     Defendant.

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote and passed the Fair Debt Collection Practices Act to eliminate abusive debt collections practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of Defendant's illegal efforts to collect a consumer debt from Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION & VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1337 because this case arises under the laws of the United States and is brought pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

4. Venue is proper in this Court because, pursuant to 28 U.S.C. § 1391(b), a substantial portion of the acts giving rise to this action occurred within the Commonwealth of Massachusetts.

## PARTIES

5. Plaintiff Gregory Pettigrew ("Mr. Pettigrew" or "Plaintiff") is a natural person residing in Berlin, Massachusetts

6. Defendant Ratchford Law Group ("Ratchford") is a foreign corporation organized under the laws of the State of Pennsylvania, and with a principal office located in Pennsylvania.

## COMMON FACTS

7. On or about May 17, 2021, Capital One filed a lawsuit against Mr. Pettigrew with the Clinton District Court, identified as C.A. No. 2168CV000090.

8. In that action, Capital One alleged that Mr. Pettigrew owed it the sum of $10,729.93 relating to a credit card debt (the "Debt"). (**Exhibit A**).

9. Mr. Pettigrew appeared in the action and defended himself *pro se*.

10. A Case Management Conference was scheduled for October 19, 2021.

11. Mr. Pettigrew appeared at the Case Management Conference.

12. Capital One did not appear at the Case Management Conference.

13. Accordingly, on October 21, 2021, a Judgment of Dismissal (the "Judgment") was entered in favor of Mr. Pettigrew. (**Exhibit B**).

14. Among other things, the Judgment states that the action was dismissed, and that Capital One would "take nothing." It further states that notice of the judgment was entered on the docket and sent to all parties. *See* Mass. R. Civ. P. 54, 58, 77(d), and 79(a).

15. The Judgment does not specify that it was issued for lack of prosecution pursuant to Mass. R. Civ. P. 41(b)(1).

16. The Judgment does not specify that it was issued for lack of jurisdiction, for improper venue, for failure to join a party under Mass. R. Civ. P. 19, or for an improper amount of damages.

17. The Judgment does not specify that it is not intended to operate as an adjudication upon the merits.

18. Pursuant to Mass. R. Civ. P. 41(b)(3), the Judgment operates as an adjudication upon the merits.

19. Capital One never appealed the Judgment.

20. Capital One never sought to vacate the Judgment.

21. Upon information and belief, Capital One is now time-barred from seeking to vacate the Judgment. *See* Mass. R. Civ. P. 60.

22. Nevertheless, on or about August 14, 2023, Capital One filed a second lawsuit against Mr. Pettigrew with the Clinton District Court, identified as C.A. No. 2368CV000111.

23. This second lawsuit and the first lawsuit concern the same Debt.

24. Specifically, Capital One alleges in the second lawsuit that Mr. Pettigrew owes it the sum of $10,729.93 relating to a credit card debt. (**Exhibit C**).

25. The second lawsuit was filed by Capital One through its attorney, Ratchford Law Group, P.C. ("Ratchford")

26. Ratchford has attempted to collect the Debt from Mr. Pettigrew on behalf of Capital One.

27. Ratchford caused Mr. Pettigrew to be served with notice of the second lawsuit.

28. To date, Ratchford continues to maintain the second lawsuit against Mr. Pettigrew.

29. Ratchford regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. The principal purpose of Ratchford's business is the collection of debts.

31. Ratchford uses at least one instrumentality of interstate commerce or the mails in its business.

32. Ratchford is a "debt collector" as that term is defined in § 1692a of the Fair Debt Collection Practices Act ("FDCPA").

33. The debt owed by Mr. Pettigrew to Capital One was incurred for personal, family, or household purposes.

34. The debt owed by Mr. Pettigrew to Capital One was not incurred for business purposes.

35. Mr. Pettigrew suffered an injury in fact that is traceable to the acts and/or omissions of Ratchford, and which is likely to be redressed by a favorable decision in this matter.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

36. The preceding actions are incorporated herein by reference.

37. Pursuant to 15 U.S.C. § 1692e(2) Ratchford is prohibited from falsely representing the character, amount, or legal status of a debt.

38. Pursuant to 15 U.S.C. § 1692e(5) Ratchford is prohibited from taking or threatening to take any action that cannot be legally taken.

39. Ratchford has violated 15 U.S.C. §§ 1692e(2) and/or (5) by filing, serving, and/or continuing to maintain the second lawsuit against Mr. Pettigrew.

40. Mr. Pettigrew has suffered economic damages due to Ratchford's wrongful actions, including but not limited to costs and attorney's fees.

41. Mr. Pettigrew has also suffered non-economic damages due to Ratchford's wrongful actions, including but not limited to emotional distress, an invasion of personal privacy, anger, anxiety, fear, frustration, embarrassment, distraction, and inconvenience.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Pettigrew requests that the Court issue judgment in his favor and against Ratchford as well as the following relief:

A. Judgment that Ratchford violated the Fair Debt Collection Practices Act;

B. Actual and compensatory damages;

C. Statutory damages;

D. Costs and attorney's fees; and

E. All other relief to which he is entitled at law or equity.

## JURY DEMAND

Mr. Pettigrew demands a trial by jury on all issues so triable.

Respectfully submitted,


*/s/ Christopher M. Brine*
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 116
Worcester, MA 01605
P – (508) 556-1899
F – (508) 556-9951
cmb@brineconsumerlaw.com

COMMONWEALTH OF MASSACHUSETTS

Worcester              ,ss                DISTRICT COURT
                                          CLINTON            DIVISION
*******************************           DOCKET NO. 2168CV000090
CAPITAL ONE BANK (USA), N.A.      *
                                  *
                       Plaintiff  *
v.                                *       COMPLAINT
                                  *
GREGORY S PETTIGREW               *
                                  *
                                  *
                                  *
                       Defendant  *
*******************************

**EXHIBIT A**

1. Plaintiff is A NATIONAL BANKING ASSOCIATION.

2. Defendant(s) reside in the county of Worcester        , at:
61 VILLAGE CT                            BERLIN                    01503

3. That the Defendant(s) was extended credit.

4. Defendant(s) failed to make payments for the credit extended. The total balance due is   $10729.93   .

5. That heretofore, Plaintiff rendered to Defendant(s) monthly, full and true accounts of the indebtedness owing by the Defendant(s) as a result of the credit extended, in an amount as hereinabove set forth which account statements were delivered to the Defendant(s) resulting in an account stated for the amount set forth above. The statements were held for an unreasonable time after they were rendered.

FILED

MAY 17 2021

ATTEST: LEONARD F. TOMAIOLO
CLERK MAGISTRATE
CLINTON DISTRICT COURT

WHEREFORE, plaintiff demands judgment against defendant(s) for the sum of   $10729.93   together with costs and disbursements. Plaintiff waives pre and post judgment interest and attorney fees.

Dated: 5/6/21

This is an attempt to collect a debt.
Any information obtained will be used
for that purpose. This communication
is from a debt collector.

Calls are randomly monitored and may
be recorded to ensure quality service.
Our office is open:
Monday through Friday, 8am - 5pm.

CAPITAL ONE BANK (USA), N.A.
by its attorney,

Julie B. Solomon      BBO#560214    x359
Joshua Aron           BBO#704286    x381
Solomon and Solomon, P.C.
1 Columbia Circle, Box 15019
Albany, NY 12212-5019
518-456-7200   myaccount@solomonpc.com

FRTMAC        PRTFRM    SYSOP    797686PRTFRM    000005 27331860 01 20210405092741 MAC AS400 PF00 002757008 0294N

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>2168CV000090 | Trial Court of Massachusetts<br>District Court Department<br>Civil Session |
|---|---|---|
| CASE NAME<br>Capital One Bank (USA), N.A. v. Gregory S Pettigrew | | |
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Capital One Bank (USA), N.A. | COURT NAME & ADDRESS<br>Clinton District Court<br>300 Boylston Street<br>Clinton, MA 01510 | EXHIBIT<br>B |
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Gregory S. Pettigrew | NEXT COURT EVENT (IF ANY)<br>**No Future Event Scheduled** | |
| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>File Copy | FURTHER ORDERS OF THE COURT | |

## JUDGMENT OF DISMISSAL

On the above action, after plaintiff(s) failed to appear, it is hereby ORDERED AND ADJUDGED by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) named above take nothing (Hon. Dennis P Sargent).

## NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED<br>10/21/2021 | CLERK-MAGISTRATE/ASST. CLERK<br>X [signature] | |
|---|---|---|

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                           DISTRICT COURT DEPARTMENT
                                         Clinton District Court
                                         Docket No: 2368CV000111



| CAPITAL ONE, N.A., |
| Plaintiff |
| v. |
| GREGORY S PETTIGREW |
| Defendant(s) |

COMPLAINT

FILED
AUG 14 2023

ATTEST: LEONARD F. TOMAIOLO
CLERK MAGISTRATE
CLINTON DISTRICT COURT

1. CAPITAL ONE, N.A. is a national banking association with its principle place of business in McLean, Virginia.

2. Defendant(s) GREGORY S PETTIGREW (hereinafter "Defendant") is a natural person presently residing at 61 VILLAGE CT BERLIN MA 01503-1710.

## COUNT I
### (Breach of Contract)

3. The Defendant(s) made an application for an extension of credit to Plaintiff.

4. The Plaintiff established a credit account in the name of the Defendant(s) identified as account number ending in ************0993, all as pursuant to a written credit agreement ("Agreement").

5. By the terms of the Agreement, and upon the Defendant(s)'s use of the account, a written contract was entered into between the Plaintiff and the Defendant(s). The terms of the Agreement provided, in essence, that the Defendant(s) would pay the Plaintiff for all charges made on the account in connection with all users on that account.

6. The Defendant(s) incurred charges on the account.

7. Pursuant to the terms and conditions of the Agreement, and upon breach, the Defendant(s) is/are responsible for and liable to pay fees applied by the Plaintiff and court costs.

8. The Defendant(s) breached the Agreement by failing to make the payment due on the account pursuant to the terms of the Agreement.

9. The Defendant(s) last payment toward the Account was made on July 10, 2019 in the amount of $240.00.

10. Demand was made upon the Defendant(s). Despite such demand, the Defendant(s) has/have failed and refused, and continues to fail and refuse, to pay the amounts due and owing on the account.

11. As of August 10, 2023, pursuant to the terms of the Agreement, the Defendant(s) owes/owe the Plaintiff the amount of $10,729.93.

## COUNT II
### (Unjust Enrichment)

12. Before the filing of this action, Plaintiff and Defendant(s) had certain business transactions between them relating to the extension of credit to Defendant(s)..

13. Plaintiff extended credit to the Defendant(s) with the reasonable expectation that Defendant(s) would repay any credit extended.

14. Defendant(s) was/were enriched by the credit extended.

15. As of August 10, 2023, Defendant has/have been unjustly enriched in the amount of $10,729.93.

16. Plaintiff has made numerous requests for payment, and Defendant(s) has/have refused to pay Plaintiff; whereby, Defendant(s) has/have been unjustly enriched.

WHEREFORE, Plaintiff requests this Court enter judgment awarding Plaintiff the following:

a. $10,729.93, which is the amount due and owing on the account as of August 10, 2023;

b. and court costs. Plaintiff is not seeking to recover any attorney fees or judgment interest.

CAPITAL ONE, N.A.

by its Attorneys,

Erin M. Reczek, BBO No. 658898
Ratchford Law Group, P.C.
89 Newbury Street, Suite 106
Danvers, MA 01923
978-834-6600
ereczek@ratchfordlawgroup.com

FILED

AUG 14 2023

ATTEST: LEONARD F. TOMAIOLO
CLERK MAGISTRATE
CLINTON DISTRICT COURT